EL PASO ELECTRIC RAILWAY COMPANY V. KATE RUCKMAN.

Decided January 29, 1908.

**1.—Witness—Question—Statement of Case.**

In a suit for personal injuries, a preliminary statement to a witness of the substance of the allegations in plaintiff's petition, followed by the question, whether or not plaintiff met with an accident at the time and place and under the circumstances mentioned, is not subject to the objection that it is leading and calls for a conclusion of the witness.

**2.—Same—Testimony—Facts, not Conclusions.**

The answer of a witness as follows, "The car moved ahead in obedience to the signals. It started with a jerk, as I have stated, and threw plaintiff off into the street," was not subject to the objection that it consisted of conclusions of the witness.

**3.—Street Railroads—Signal to Stop—Evidence.**

In a suit for personal injuries received in alighting from a street car, evidence considered, and held sufficient to authorize the court to submit to the jury the issue whether or not plaintiff had signaled the conductor to stop the car. Such signal may be given indirectly as well as directly.

**4.—Negligence—Charge.**

A charge should be considered in its entirety. In a suit for personal injuries, charge considered, and held not subject to the objection that it required the jury to find that plaintiff had been guilty of two or more acts of contributory negligence before they could find for defendant, when any one such act would have relieved defendant from liability.

**5.—Charge—Grouping of Facts.**

A charge is not necessarily upon the weight of the evidence simply because it presents in detail the facts pertaining to a theory of recovery relied on by a party. A party is entitled to have his theory of the case presented to the jury in connection with the very facts upon which he relies in support of it.

**6.—Street Railroads—Alighting from Moving Car—Negligence—Question of Fact.**

Whether or not a passenger is guilty of negligence in attempting to alight from a car while in motion, is a question of fact for the jury. Special charge considered, and held to withdraw this question from the jury, and hence properly refused.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Leigh Clark* and *M. Nagle,* for appellant.

*Patterson & Wallace,* for appellee.

JAMES, CHIEF JUSTICE.—Kate Ruckman sued for damages for personal injury alleged to have been sustained by her as passenger on defendant's railway, and recovered a verdict for $2500.

The petition is voluminous, but it alleges the two theories for recovery substantially submitted in the court's charge: 1st, That when the car stopped plaintiff started to alight, but before she could do so the car was negligently started with a sudden jerk or lurch and she was thereby caused to fall; and 2d, That if the car did not come to a stop, that it slowed down and almost came to a stop, and plaintiff thinking it was about to stop attempted to alight, without negligence on her part, but the car did not stop, and she was thrown to the ground and injured and defendant was guilty of negligence in not stopping the car at her request, proximately causing her injury.

Defendant answered by general denial, not guilty, and contributory negligence.

The first assignment of error complains of the following question as leading and calling for the conclusion of the witness: Question. "This is a suit by plaintiff, Mrs. Kate Ruckman, against the El Paso Electric Railway Company for damages for personal injuries. The plaintiff alleges that on or about the 25th day of June, 1905, while riding on one of defendant's Boulevard or Highland Park cars as a passenger thereon, through the negligence of said defendant and its employes, when said car arrived near the intersection of Stanton and Boulevard Streets, she was jerked and thrown from said car and injured; please state whether or not you are acquainted with plaintiff, and if so, how long you have known her, and where? Also please state whether or not plaintiff met with an accident at the time and place and under the circumstances above mentioned, and if you say she did, please state whether or not you were present at the time." The question, we think, was not subject to the objections.

The second is that the court refused to strike out the following answer of Rina Paul to an interrogatory: "The car moved ahead in obedience to the signals. It started with a jerk, as I have stated, and threw plaintiff off into the street." The proposition under this assignment is that: "A nonexpert witness should be allowed to state facts only and leave it to the jury to draw their own conclusions therefrom, and to allow the witness to state conclusions is an invasion of the province of the jury." It appears to us that the answer stated only facts.

The third and fourth assignments complain of the 10th paragraph of the charge, which was as follows:

"If you believe from the evidence that Mrs. Ruckman, upon said car's approaching Stanton Street, desiring to alight from said car, signaled the motorman to stop the said car, and that the said car was thereupon slowed down, and that she arose from her seat preparatory to alighting from said car, and took a position before said car stopped upon the footboard, and that when said car had almost stopped, or when it was running at a very slow rate of speed, she attempted to step from the car to the ground, and that said car, by

the servants of the defendant, in charge thereof, was caused to suddenly move or lurch forward with a jerk, and she was thereby thrown to the ground and injured, but you believe that under all the surrounding facts and circumstances it was negligence on the part of Mrs. Ruckman to have so taken her position, if she so did, upon said running board, and to have attempted to step from said running board to the ground while said car was moving, if she so did, then, and in that event, your verdict must be for the defendant company."

The propositions are, first, "There being no allegation or evidence that plaintiff signalled the motorman, it was error for the court to charge upon the issues not raised by the pleadings or evidence."

There appears to have been no testimony that plaintiff directly signalled the motorman to stop the car. But there was testimony that this was indirectly done. Plaintiff testified: "I had signalled the conductor. The bell was rung to stop the car; when I raised up he was standing with his face to me. He was clear at the back end of the car facing me. Q. What motion or signal did you give? Ans. (illustrating by raising her hand) I gave the signal to let him know we were where I wanted to get off so he would not forget it." "We were pretty near to Stanton Street, between Mesa and Stanton." "The car slowed down as soon as we got to Stanton Street." With the testimony showing that both the conductor and motorman were notified upon her signal, we see no reason for sustaining this proposition. Second proposition: "Where the doing of a single act on the part of plaintiff may constitute negligence, it is error for the court to charge that to render plaintiff guilty of contributory negligence the jury must find that she did two or more acts, and that in doing each of them she was negligent."

This proposition is directed to that part of the tenth instruction where the jury are told to find for defendant if they "believe that under all the surrounding facts and circumstances it was negligence on the part of Mrs. Ruckman to have so taken up her position, if she did so, upon the running board, and to have so attempted to step from said running board to the ground while the car was moving."

What is just stated in quotation marks is the statement of a correct proposition of law. If in doing both of such acts she was negligent, defendant was, as stated in the charge, entitled to a verdict. Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629. It appears that the jury were elsewhere plainly told (in the ninth paragraph of the charge) that if she took a position on the running board before the car had stopped, and this was negligence, the verdict must be for defendant. Also, that if she left the car while in motion, and this was negligence, to find for defendant. The charges could not well have failed to convey to the minds of the jury that negligence in either of said respects, or in any respect, by plaintiff would require a finding for the defendant.

The fifth assignment complains of a special charge asked by plaintiff and given. The assignment is that it was upon the weight of

evidence and directed the jury to find for plaintiff if they believed plaintiff requested the conductor to stop at Stanton Street, and for the reason that it assumed that plaintiff was in the act of alighting from the car at Stanton Street and was in the act of alighting when the car was put in motion. The charge was not upon the weight of evidence simply because it presented in detail the facts pertaining to a theory of recovery relied on by plaintiff. It is now well settled that a party is entitled to have his theory of the case presented to the jury in connection with the very facts upon which he relies in support of it. The entire instruction complained of leaves the facts to be found from the evidence and assumes nothing. The sixth assignment being in substance the same is also overruled.

The seventh complains of the refusal of this charge:

"You are charged at the request of defendant that even though you may believe from the evidence that the plaintiff requested the conductor of the car to let her off at Stanton Street, and that the conductor failed to do so you are nevertheless charged that the fact, if it be a fact, that the plaintiff was taken beyond the usual stopping place on the far side of Stanton Street, if such was the fact, such fact would not authorize or justify the plaintiff in leaving said car while same was in motion, and if you believe that the plaintiff voluntarily left said car while the same was in motion, and that such conduct on her part was negligence, which caused, or proximately contributed to her injury, you should find for the defendant."

The charge, it appears to us, would have been wrong and in conflict with what is decided in Railway v. Payne. It would have left the question of her negligence in leaving the car while in motion to the jury, after telling them that the fact that she was being carried beyond her stopping place would not have justified her in leaving it while in motion. In the case just cited it was held that plaintiff in that case being a passenger, a jury might find that the transit company was guilty of negligence in not stopping the car in response to the usual signal, and considering the slow speed of the car a jury might conclude it was not negligence for plaintiff to jump from the car. We think the charge, if given, would not have properly left the question of plaintiff's negligence, under all the circumstances, to the jury. Defendant, however, asked a special instruction, No. 6, which was a correct one on this subject and the court gave it as follows:

"You are charged that it is the duty of adult passengers, when aboard a street car, to look out for their own safety, and it is the duty of every passenger in alighting from a street car, to use ordinary care for their own safety, and if you believe from the evidence that the plaintiff voluntarily left the car in question, while the same was in motion, if she did, and was injured, and you further believe her so leaving said car, if she did, while the same was in motion, if it was, was negligence on her part, and that such negligence caused, or approximately contributed to cause her injury, you should find for defendant."

The eighth assignment complains of the following portion of the sixth paragraph of the charge:

"If you believe from a preponderance of the evidence that the plaintiff, Mrs. Ruckman, when she handed her transportation to the conductor of said car, informed said conductor that she desired to leave the car at Stanton Street, and that when said car approached the place for stopping on Stanton Street, she signalled the said conductor, but the said car did not stop at the usual place on the west side of Stanton Street, but continued moving forward slowly and carried plaintiff beyond the place where said car should have stopped, if it should, in response to plaintiff's request, if any, and that plaintiff, while said car was still slowly moving, attempted to alight from the footboard of said car, but by reason of said car having so continued to move and not having stopped to permit plaintiff to alight on Stanton Street, plaintiff was thrown or caused to fall to the ground and injured, and that it was negligence on the part of the servants in charge of said car to have permitted said car to move eastward and not to have stopped same at the usual place on Stanton Street to permit plaintiff to alight in accordance with her request, if any, and that such negligence, if any, was the proximate cause of plaintiff's being thrown to the ground and injured, and that plaintiff herself, under all the surrounding facts and circumstances, was not guilty of negligence in attempting to alight from said car while the same was moving, if she did so, that in that event also your verdict should be for the plaintiff."

The objections to this charge are in effect these: That it assumed that the conductor saw or heeded the signal, if given, which it did not do. Also that there was no evidence that the conductor saw the signal, if given. This is not the case. Also that it gave undue prominence to the conductor's failure to stop the car at Stanton Street. This we think could not be its effect. Finally, that in undertaking to apply the principles of law it attempts to present all the details to the jury, which amounts to a charge on the weight of the evidence. As a party is entitled to have his theory or theories of the case presented in that way, the point can not be sustained.

The ninth complains of the refusal of this instruction:

"You are charged that even though you may believe from the evidence that the plaintiff was injured in the alleged accident, yet you are charged that unless you believe from a preponderance of the evidence, that she was injured by and through the negligence of the defendant, in suddenly starting or lurching said car forward, you should find for the defendant, and in this connection you are charged that unless you believe from a preponderance of the evidence that while plaintiff was in the act of alighting, said car gave a lurch which caused, or proximately contributed to cause plaintiff to fall, you should find for defendant."

It will be seen that this would have been a charge against the other theory upon which the case was submitted.

The tenth is that the verdict is contrary to overwhelming preponderance of the evidence, but this we can not hold.

*Affirmed.*

Writ of error refused.